IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERVYN TILDEN,

      Plaintiff,

      v.                                       Civ. No. 23-1154 MV/JFR

SMITH'S #446 AND NEW MEXICO
DEPARTMENT OF WORKFORCE
SOLUTIONS HUMAN RIGHTS BUREAU,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28

U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 489

(10th Cir. 1990).  Doc. 13.  On January 19, 2024, Defendant Smith's Food and Drug Centers, Inc.

("Smith's") filed its *Motion for Dismissal for Lack of Service of Process* ("Original Motion")[2]

under Federal Rule of Civil Procedure 12(b)(5).  Doc. 4.  Plaintiff responded in opposition[3] on

January 26, 2024, and Smith's replied on February 9, 2024.  Docs. 7, 10.  On April 22, 2024, the

Court entered an Order to Show Cause, directing Plaintiff to show cause why Defendant New

---

[1]      By an Order of Reference filed April 9, 2024 (Doc. 13), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

[2]      Defendant filed a *Notice of Errata* on January 22, 2024, to correct the title of the Original Motion and clarify the relief sought therein.  Doc. 6.

[3]      Plaintiff's pleading is styled "Amended Motion to Dismiss Defendant's Motion for Dismissal for Lack of Service of Process and Request to Deny Plaintiff's Motion for Default Judgment and Request for Extension of Time for Service."  Doc. 7 at 1.  The Court construes this as a responsive pleading.

Mexico Department of Workforce Solutions Human Rights Bureau has not been served process such that the claims against it should be dismissed without prejudice, and directing Smith's to show cause why it's Original Motion should not be denied without prejudice as premature, given that Plaintiff has at least 60 days remaining after the filing of the Original Motion to perfect service.  Doc. 15.  Plaintiff did not comply with the Order to Show Cause.  Smith's timely complied and withdrew its Motion on May 6, 2024.  Doc. 16.  That same day, Smith's filed a *Motion for Dismissal for Lack of Service of Process* ("Motion") under Rule 12(b)(5).  Doc. 17. Plaintiff did not timely respond.

On May 28, 2024, the Court entered a Second Order to Show Cause.  Doc. 18.  Therein, the Court directed Plaintiff to show cause why he failed to file a responsive pleading to the Motion, and again, why the New Mexico Department of Workforce Solutions Human Rights Bureau has not been served process such that the claims against it should be dismissed without prejudice.  *Id.*  Plaintiff filed a pleading on June 7, 2024, styled as a response to the Second Order to Show Cause and the Motion.  Doc. 19.

For the reasons that follow, the undersigned recommends that the presiding judge **GRANT** the Motion and **DISMISS** Plaintiff's claims against Smith's **WITHOUT PREJUDICE** for failure to effect service under Federal Rule of Civil Procedure 4(m).

The undersigned further recommends that the presiding judge **DISMISS** Plaintiff's claims against New Mexico Department of Workforce Solutions Human Rights Bureau **WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

Plaintiff received a determination from the State of New Mexico Department of Workforce Solutions Human Rights Bureau that no probable cause supported his claims of

2

discrimination under the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-1 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*  Doc. 1-1 at 5.  He filed a Notice of Appeal of the determination on September 15, 2023, in the State of New Mexico Second Judicial District Court for Bernalillo County.  *Id.* at 1.  On December 27, 2023, Smith's removed the case to this Court, invoking jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446.  Doc. 1 at 1.  Smith's noted in its *Notice of Removal* that it had yet to be properly served and a "return of service of summons has not been filed on behalf of Smith's."  *Id.* at 2.  Smith's further noted that the New Mexico Department of Workforce Solutions Human Rights Bureau "does not concede that it is a proper party to this matter, however, it consents to removal to the extent its consent is required."  *Id.*  The New Mexico Department of Workforce Solutions Human Rights Bureau has not entered or otherwise appeared in this matter.

In the instant Motion, Smith's argues that dismissal without prejudice is proper because Plaintiff has not provided it with a copy of a summons and thus service of process has yet to be effectuated and is now untimely.  Doc. 17 at 2, 4.  Smith's further argues against the Court retroactively extending the time for Plaintiff to effectuate service.  *Id.* at 3-4.  In response, Plaintiff does not dispute that Smith's has not been served and offers no explanation as to why that is the case.  *See generally* Doc. 19.

## II. ANALYSIS

"After removal, federal rather than state law governs the course of the later proceedings." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  "Despite that, federal courts look to the law of the forum state . . . to determine whether service of process was perfected prior to removal."  *Id.*  If a summons has not been served on the defendant before removal, service

was not perfected at the time the case was removed. *Id.* "That reference to state law, however, does not foreclose service being effected in the federal district court." *Id.* (alteration, internal quotation marks, and citation omitted).

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

The New Mexico Rules require service of process to be made "with reasonable diligence." Rule 1-004(C)(2) NMRA. Here, there is no dispute that service was not perfected during the 103 days this matter was pending in state court. Federal Rule of Civil Procedure 4(m) governs service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## A.    Smith's

Smith's filed the instant Motion on May 6, 2024, well after the prescribed time-period in which Plaintiff must have effectuated service. Doc. 17. Plaintiff bears the burden "of establishing the validity of the service of process." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To serve process on Smith's within the allotted time, Plaintiff was required to deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "In opposing a motion to dismiss for insufficient service of process, [the] plaintiff bears the burden to make a prima facie case that he satisfied

statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

If good cause under Rule 4(m) is shown, "the plaintiff is entitled to a mandatory extension of time" to effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*

No good cause has been shown here because Plaintiff has not offered a substantive response to the Motion. So, the Court proceeds to the second step of the inquiry and assesses "whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service." *Ysais v. N.M. Jud. Standards Comm'n*, 616 F. Supp. 2d 1176, 1190 (citing *Espinosa*, 52 F.3d at 842).

    *1.*   <u>Statutes of Limitations</u>

With respect to the statute of limitations, it is unclear that Plaintiff's claims were timely in the first instance, though it appears the applicable time-period for which Plaintiff to bring his claims passed before he filed his Notice of Appeal in state district court. As a party aggrieved by the determination of the State of New Mexico Department of Workforce Solutions Human Rights Bureau, Plaintiff had ninety days from the "date of service" of the determination to file his Notice of Appeal and seek a trial de novo in the state district court. N.M. Stat. Ann. § 28-1-13 (2005); Rule 1-076 NMRA. The determination is dated June 15, 2023, and was mailed to Plaintiff on June 16, 2023. Doc. 1-1 at 5, 10. Under New Mexico law, "'date of service,'" as used in N.M. Stat. Ann. § 28-1-13 (2005) and Rule 1-076, means "'date of mailing.'" *Herrera v.*

*Las Cruces Pub. Schs.*, 695 F. App'x 361, 371 (10th Cir. 2017).  Plaintiff filed his Notice of

Appeal on Friday, September 15, 2023, which is 91 days from June 16, 2023.  Doc. 1-1 at 1.

　　　In New Mexico, a complainant can, upon meeting filing requirements, proceed with his

or her grievance either through the United States Equal Employment Opportunity Commission

("EEOC") or through the State of New Mexico Department of Workforce Solutions Human

Rights Bureau.  *Mitchell-Carr v. McLendon*, 980 P.2d 65, 69-70 (N.M. 1999)*.*  "In a State that

has an entity with authority to grant or seek relief with respect to the alleged unlawful practice,

an employee who initially files a grievance with that agency must file the charge with the EEOC

within 300 days of the employment practice," or it is time-barred.  *Nat'l R.R. Passenger Corp v.

Morgan*, 536 U.S. 101, 109 (2002).

　　　The determination of the State of New Mexico Department of Workforce Solutions

Human Rights Bureau notes that Plaintiff concurrently filed charges with the EEOC and

informed him that he could request the EEOC conduct a substantial weight review of the

determination by submitting such request in writing within 15 days.  Doc. 1-1 at 6.  Nothing

before the Court indicates that Plaintiff did this.  After a substantial weight review is conducted,

the EEOC could have issued Plaintiff a right-to-sue notice, which would have afforded him 90

days to file suit and indicated that the administrative process was complete.[4]  29 U.S.C. § 626(e);

*Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 813 (10th Cir. 2010); *Olds v. Alamo Group (KS), Inc.*,

889 F. Supp. 447, 450 (D. Kan. 1995).  Nothing before the Court indicates that this happened.

So, either Plaintiff requested a substantial weight review and is awaiting an outcome (and right-

---

[4]　　　Previously, a plaintiff's failure to exhaust administrate remedies was a bar to subject-matter jurisdiction. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).  But in 2018, the Tenth Circuit held that failure to exhaust does not bar federal courts from assuming jurisdiction over a claim.  *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

to-sue notice, if applicable), or he did not, and the time for doing so has passed; either his lawsuit is time-barred, or it is premature.

In sum, for purposes of the Court's statute-of-limitations analysis as it relates to dismissal for failure to serve process, Plaintiff's Notice of Appeal was untimely filed, and it does not appear that Plaintiff took further action with the EEOC upon receiving the determination of the State of New Mexico Department of Workforce Solutions Human Rights Bureau.  Regardless, Plaintiff's claims appear to have been precluded before they arrived at this Court's door, or litigation in federal court is premature in the absence of a right-to-sue notice.  Dismissal without prejudice, at this juncture, for failure to serve process on Smith's will not impact Plaintiff's ability to timely bring his claims if they were untimely in the first instance.  This point is reinforced by the fact that, if his claims are time-barred, Plaintiff is free to raise an equitable defense should he wish to pursue these claims.  *See Ocana v. Am. Furniture Co.*, 91 P.3d 58, 67 (N.M. 2004) (concluding a plaintiff could pursue tolling where a factual question existed as to the mailing of a determination letter from the State of New Mexico Human Rights Bureau); *Olds*, 889 F. Supp. at 450 (D. Kan. 1995) ("The [ADEA's] administrative deadline is not a jurisdiction limitation, but operates in nature of a statute of limitations and is subject to equitable tolling and estoppel." (omission, internal quotation marks, and citation omitted)).  The Court therefore concludes that this factor, consideration of the statutes of limitations, weighs in favor of dismissal.

2. <u>*Plaintiff's Pro-Se Status*</u>

The Court recognizes that Plaintiff is proceeding pro se and is thus entitled to a generous reading of his pleadings.  *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  However, his pro-se status does not excuse him from compliance with the Federal Rules of Civil

Procedure and simple, nonburdensome local rules." *Ollison v. Curry Cnty. Det. Ctr.*, 429 F. Supp. 3d 920, 922 (D.N.M. 2019) (citing *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)).  Pro se litigants are obligated to follow Rule 4's requirements for service.  *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

Plaintiff has not effectuated service upon Smith's, a point he does not dispute, and offers no explanation for this conduct.  Plaintiff purports to have "given due diligence and every good faith effort to meet all the requirements for remedy by law and statute . . . including[] the United States District Court of New Mexico Local Rules of Civil Procedure."  Doc. 19 at 6.  This is not an explanation as to why Smith's has yet to be served process, or what efforts Plaintiff has made to effectuate service.  The Court understands that representing oneself is a difficult endeavor, but it cannot simply excuse Plaintiff's failure to serve Smith's because he is proceeding pro se and, as he states, "does not want" to face dismissal.  *Id.*  Indeed, this case remains at a stalemate until service is properly effectuated because the Court cannot obtain personal jurisdiction over parties who have not properly been served process.  *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant."); *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction of the party served."); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.  *Effective service of process is therefore a prerequisite to proceeding further in a case*." (emphasis added)); *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645

F. Supp. 3d 1177, 1181 (D. Kan. 2022) ("Naturally, whether a plaintiff sufficiently served process speaks to whether the Court may exercise personal jurisdiction over that [d]efendant. The Court cannot proceed to the merits of a case over which it does not have jurisdiction." (citation omitted)).

This case is not proceeding because Plaintiff has failed to effectuate service on Smith's (and the Department of Workforce Solutions Human Rights Bureau), and the case cannot proceed unless and until he does so. While acknowledging that Plaintiff is proceeding pro se but still bound by the requirements to effect service of process, the Court concludes that this factor weighs in favor of dismissal.

      *3.*     <u>*Evasion of Service*</u>

Again, Plaintiff bears the burden of establishing the validity of service of process. *Fed. Deposit*, 959 F.2d at 174. Nothing before the Court indicates that Smith's is evading service of process, and Plaintiff does not allege that this is the case or present contrary information. Thus, this factor weighs in favor of dismissal. *See Lozano v. City of Roswell*, No. 09-CV-158, 2009 WL 10706695, at *3 (D.N.M. Dec. 28, 2009) ("[T]here is no evidence that [the d]efendants have been evading service . . . . Accordingly, this factor weighs against [the p]laintiff.").

In light of the foregoing, the undersigned recommends that the presiding judge grant the Motion and dismiss Plaintiff's claims against Smith's without prejudice for failure to effectuate service under Rule 4(m). The Court proceeds to *sua sponte* consider Plaintiff's failure to prosecute her claims against the remaining Defendant, the Department of Workforce Solutions Human Rights Bureau.

**B.      Department of Workforce Solutions Human Rights Bureau**

Plaintiff has yet to effect service upon the Department of Workforce Solutions Human

Rights Bureau.  The Court may, in its discretion, dismiss a case pursuant to Federal Rule of Civil

Procedure 41(b) ("Involuntary Dismissal") for failure to prosecute or comply with the Federal

Rules of Civil Procedure, local rules, or orders of the Court.  *Ollison*, 429 F. Supp. 3d at 922

(citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)); *Petty v. Manpower, Inc.*, 591

F.2d 615, 617 (10th Cir. 1979).  Dismissal without prejudice is far less harsh than dismissal with

prejudice because the litigant retains the ability to seek vindication of the claims he is pursuing.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also*

*Phillips v. Pub. Serv. Co. of N.M.*, 492 F. App'x 407, 409 (10th Cir. 2003).  For this reason, the

Court need not conduct its analysis according "to any particular procedures."  *Nasious*, 492 F.3d

at 1162.  Instead, the Court's reasoning must rest on the procedural history of the case.  *Petty*,

591 F.2d at 617.

In cases where a dismissal is *with* prejudice, the district court is to consider five factors

articulated by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

*Faircloth v. Hickenlooper*, 758 F. App'x 659, 661 (10th Cir. 2018).  Some judges have found the

*Ehrenhaus* factors helpful, however, when dismissing cases *without* prejudice.  *See, e.g.*,

*Williams v. UnitedHealth Group*, No. 18-CV-2096, 2020 WL 1329455, at *3 (D. Kan. Mar. 23,

2020).  The factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court

warned the plaintiff that noncompliance likely would result in dismissal; and (5) the

effectiveness of lesser sanctions.  *Ehrenhaus*, 965 F.2d at 921.  "These factors do not constitute a

rigid test; rather they represent criteria for the district court to consider before imposing dismissal

as a sanction." *Id.*; *see also Williams*, 2020 WL 1329455, at *3 ("These factors are not exhaustive, and the Court need not weigh them equally.").

In the interest of completeness, in addition to considering procedural history, the Court will also weigh the *Ehrenhaus* factors against the circumstances of this case. This is particularly appropriate here, where it is unclear from the limited record whether all of Plaintiff's claims are time-barred, as explained more fully above. *See Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10ᵗʰ Cir. 2017).

*1.* <u>Procedural History</u>

The procedural history of this case has been outlined extensively above, so the Court avoids undue reiteration here. In short, Plaintiff filed a Notice of Appeal in state court and has failed to serve process in a case that has been pending for over nine months without explanation. Doc. 1-1 at 1. Moreover, Plaintiff failed to respond to the Court's First Order to Show Cause. Plaintiff's response to the Second Order to Show Cause offers no substantive explanation for his failure to effectuate service upon the Department of Workforce Solutions Human Rights Bureau. Given this simple procedural history, the Court concludes that involuntary dismissal for failure to prosecute is appropriate on this basis but proceeds to consider the *Ehrenhaus* factors as additional guidance.

*2.* <u>Prejudice to Defendant</u>

The Tenth Circuit has held that "delay and uncertainty" are "reasonable" determinations of actual prejudice. *Faircloth*, 758 F. App'x at 662. And while these considerations may flow from "'delay and mounting attorney's fees,'" *id.* (internal quotation marks and citation omitted), a delay of more than nine months in properly effectuating service can constitute prejudice against a defendant. *See, e.g.*, *Campbell v. Wells Fargo Bank NA*, No. 08-CV-854, 2009 WL 242995, at

*2-3 (D. Colo. Jan 29, 2009).  The Court recognizes that the Department of Workforce Solutions

Human Rights Bureau has not entered this case.  However, it is aware of this litigation and

consented to its removal to his Court.  Doc. 1 at 2.  Given that the case has not proceeded for

more than nine months, and that it cannot until proper service is effectuated, *Lampe v. Xouth,*

*Inc.*, 952 F.2d at 700-01, the Court concludes that the Department of Workforce Solutions

Human Rights Bureau is prejudiced by this delay, though not substantially prejudiced. This

factor weighs in favor of dismissal.

       3.     <u>*Interference with Judicial Process*</u>

Considering interference with the judicial process is rooted in "respect for the judicial

process and the law."  *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003).  Plaintiff failed

to comply with the Court's First Order to Show Cause.  This type of conduct demonstrates a

"lack of respect" and increases the workload of the Court.  *Arakji v. Hess*, No. 15-CV-681, 2016

WL 759177, at *2 (D. Colo. Feb. 26, 2016); *see also Davis v. Miller*, 571 F.3d 1058, 1062 (10th

Cir. 2009) (stating, with respect to the second *Ehrenhaus* factor: "This factor impacts the court's

ability to manage its docket and move forward with the cases before it, and it cannot do this if a

party fails to respond to court orders."); *Huntsman v. Thayer*, No. 16-CV-824, 2019 WL

1923385, at *3 (D. Utah Apr. 30, 2019) ("It is hard to fathom how failing to respond to orders of

the federal district court would *not* interfere with the judicial process." (internal quotation marks

and citation omitted)).  An example of interference with the judicial process is the extra work the

Court must engage in contemplating *sua sponte* dismissal for failure to prosecute.  As another

district court so aptly put it:

> The Court's frequent review of the docket and preparation of orders to move this
> case along have increased the workload of the Court and take its attention away
> from other matters in which parties have met their obligations and deserve prompt
> resolution of their issues.  This order is a perfect example, demonstrating the

substantial time and expense required to perform legal research, analysis, and
writing to craft this document.

*Huntsman*, 2019 WL 1923385, at *3 (internal quotation marks and citation omitted).  In other

words, if Plaintiff had complied with his legal obligation to serve process or explain to the Court

(as ordered) why he has not done so, the efforts expended on this Order, and those leading up to

it, would have been lessened, and the judicial process would not be the subject of interference by

Plaintiff's conduct.  *See Wood Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th

Cir. 1964) ("Rules of practice adopted by the United States District Courts . . . have the force and

effect of law, and are binding upon the parties and the court."); *In re Nat'l Prescription Opiate

Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (explaining that the Federal Rules of Civil Procedure

"are binding upon court and parties alike, with fully the force of law").  Thus, this factor weighs

in favor of dismissal.

    4.    *Plaintiff's Culpability*

Plaintiff is wholly culpable for the state of this case.  Proof of culpability may be drawn

from failure to serve process and to respond to an order to show cause.  *Huntsman*, 2019 WL

1923385, at *3.  Those are precisely the issues here.  As discussed above, Plaintiff has not

effectuated service on the Department of Workforce Solutions Human Rights Bureau, failed to

respond to the Court's First Order to Show Cause, and, in his response to the Court's Second

Order to Show Cause, he offered no explanation for why service has not been effectuated.  This

factor therefore weighs in favor of dismissal.

    5.    *Prior Warning of Dismissal*

Plaintiff received more than one warning regarding potential dismissal of his case.  In its

First Order to Show Cause, the Court directed Plaintiff to show cause "why New Mexico

Department of Workforce Solutions Human Rights Bureau has not been served process in this

13

matter such that the claims against it should be dismissed without prejudice." Doc. 15 at 3. Plaintiff never responded. In its Second Order to Show Cause, the Court directed Plaintiff, in relevant part, to show cause "why his claims against New Mexico Department of Workforce Solutions Human Rights Bureau should not be dismissed without prejudice for failure to effect service." Doc. 18 at 1. The Court further warned Plaintiff: "Failure to timely comply with the directives of this Order may result in dismissal of this case." *Id.* at 2. Plaintiff did timely file a pleading, styled as a response to the Second Order to Show Cause and the Motion discussed above. Doc. 19. However, nothing in that document speaks to why the claims against New Mexico Department of Workforce Solutions Human Rights Bureau should not be dismissed. This is inadequate. *Cf. Rosiere v. United States*, 673 F. App'x 834, 836-37 (10th Cir. 2016) (concluding a response to an order to show cause was inadequate because the plaintiff did not explain or justify his conduct).

The prior warnings to Plaintiff that his case may be dismissed were more than reasonable. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (discussing the type of warning required before dismissal for failure to prosecute). Therefore, this factor weighs in favor of dismissal.

### 6. *Effectiveness of Lesser Sanctions*

It appears that Plaintiff is unwilling or unable to sufficiently effectuate service of process or otherwise explain why service of process has not been effectuated. Under circumstances like those present here, sanctions short of dismissal are not "practical." *Wagoner v. Towne*, No. 18-CV-821, 2019 WL 1283487, at *2 (W.D. Okla. Mar. 20, 2019). In *Wagoner*, the district court concluded that dismissal was the only appropriate course of action on the basis that a pro se plaintiff's

> failure to serve [the d]efendant . . . and failure to respond to the Court's show-cause order . . . impede[] the Court's ability to proceed . . . because the Court cannot ascertain whether [the p]laintiff intends to pursue her causes of cation.  Moreover, without proper service or waiver of service, the Court lacks personal jurisdiction over [the d]efendant in the matter, thereby making it impossible to progress toward a merits-based disposition.

*Id.*  Similar circumstances are present in this litigation as discussed extensively herein, and the Court finds this reasoning applicable here.  Therefore, this factor weighs in favor of dismissal because no lesser sanctions will be effective at this juncture.

The Court concludes that the procedural posture of this case and the *Ehrenhaus* factors weigh in favor of dismissal without prejudice for failure to prosecute.

### III. CONCLUSION AND RECOMMENDATION

The undersigned recommends that the presiding judge:

 (1) **GRANT** the Motion and **DISMISS** the claims against Smith's **WITHOUT PREJUDICE** for failure to effectuate service under Rule 4(m);

(2) **DISMISS** the claims against the Department of Workforce Solutions Human Rights Bureau **WITHOUT PREJUDICE** *sua sponte* for failure to prosecute under Rule 41(b); and

(3) Enter final judgment and direct the Clerk to close this case as the foregoing actions will dispose of all of Plaintiff's claims.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

**JOHN F. ROBBENHAAR**
United States Magistrate Judge